UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

NATIONAL STABILIZATION AGREEMENT
OF THE SHEET METAL INDUSTRY TRUST
FUND,
         Plaintiff,

v.                                             Case Number: 05-10281
                                              Honorable David M. Lawson

C3 MECHANICAL, INC,

         Defendant.
_____/

**ORDER FOR EXAMINATION OF JUDGMENT DEBTOR AND RESTRAINING TRANSFER OF CERTAIN PROPERTY SUPPLEMENTARY TO JUDGMENT**

      This matter is before the Court on the plaintiff's motion to examine Jeffrey M. Cergnul and Christopher E. Porter, officers of the defendant corporation, and to restrain the transfer of certain property by the defendant. Federal Rule of Civil Procedure 69 states that "proceedings on and in aid of execution [of judgments] shall be in accordance with the practice and procedure of the state in which the district court is held." Fed. R. Civ. P. 69. A creditor is entitled to examine a judgment debtor to obtain information about the property or income of the debtor. Mich. Comp. Laws §§ 600.6110(a) and 600.6104(1). Where a judgment debtor is a corporation, its officers may be required to answer for the corporation. Mich. Comp. Laws § 600.6110(b). A court may enjoin a judgment debtor from disposing of property. Mich. Comp. Laws § 600.6104(2).

      The plaintiff obtained a judgment against the defendant corporation in the State of Virginia and registered that judgment with this Court, sitting in Michigan. The plaintiff has submitted an affidavit stating the defendant has not satisfied that judgment. The plaintiff has complied with the requirements of M.C.L. §§ 600.6110 and 600.6104. It is entitled to examine the officers of the

defendant corporation and to an order enjoining the defendant from disposing of property.

Accordingly, it is **ORDERED** that the plaintiff's motion for examination of judgment debtors and restraining transfer of certain property supplementary to judgment [dkt # 4] is **GRANTED**.

It is further **ORDERED** that Christopher E. Porter, officer and director of the defendant corporation, shall appear at a location in the county of his residence, *see generally* Mich. Ct. Rule 2.621(B)(2); 2.305(C)(1), that is, in Isabella County, Michigan, at a place to be agreed upon by the parties or designated by the plaintiff at **10:30 a.m. on Thursday, January 12, 2006**, to be examined under oath concerning the income, property, or other means of satisfying the judgment entered against the defendant on September 7, 2005 in the United States District Court for the Eastern District of Virginia and certified in the United States District Court for the Eastern District of Michigan on November 1, 2005. The plaintiff shall notify the witness of the place of examination on or before December 15, 2005.

It is further **ORDERED** that Jeffrey M. Cergnul, officer and director of the defendant corporation, shall appear at a location in the county of his residence, *see generally* Mich. Ct. Rule 2.621(B)(2); 2.305(C)(1), that is, in Midland County, Michigan, at a place to be agreed upon by the parties or designated by the plaintiff at **11:30 a.m. on Thursday, January 12, 2006**, to be examined under oath concerning the income, property, or other means of satisfying the judgment entered against the defendant on September 7, 2005 in the United States District Court for the Eastern District of Virginia and certified in the United States District Court for the Eastern District of Michigan on November 1, 2005. The plaintiff shall notify the witness of the place of examination on or before December 15, 2005.

It is further **ORDERED** that Mr. Porter and Mr. Cergnul shall bring with them to the examination the following books, records, and papers in their possession, custody, or control:

1. All checkbooks, check registers, check stubs, canceled checks, bank statements, and other documents relating to any deposit, savings, passbook, or like account maintained with a bank, savings and loan association, credit union, or like organization in which the defendant has or has had any interest at any time during the three years immediately preceding the date of this order or the date of cessation of business, whichever is earlier;

2. Copies of all returns, schedules, and forms filed by or on behalf of the defendant with the Internal Revenue Service, State of Michigan, and any municipal governments relating to any income received, property owned, business activities, sale, or intangibles tax of the defendant at any and all times during the three years immediately preceding the date of this order or the date of cessation of business, whichever is earlier;

3. All books of account and accounts receivable ledgers;

4. A list of assets and liabilities;

5. All contracts of purchase, sale, bills of sale, certificates of title, deeds, and all other evidence of title or instruments of whatsoever kind or nature relating to the purchase, sale, or ownership of any property, real or personal, or any interest therein purchased, sold, or owned by or on behalf of the defendant at any time during the five years immediately preceding the date of this order or the date of cessation of business, whichever is earlier; and

6. Copies of all profit and loss statements and balance sheets relating to the affairs of the defendant prepared by or on behalf of the defendant during the period three years immediately preceding the date of this order or the date of cessation of business, whichever is earlier.

It is further **ORDERED** that the defendant and its officers and directors are restrained from transferring or disposing of any property, whether now owned or hereafter acquired by the defendant, until further order of this Court.  This order does not apply to property exempt by law from application to the satisfaction of the judgment.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Dated: November 10, 2005

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on November 10, 2005.

s/Tracy A. Jacobs  
TRACY A. JACOBS

---